```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

LLOYD BURNELL PHELPS,            :
                                 :
    Petitioner,                  :
                                 :
vs.                              :     CIVIL ACTION 12-0028-CB-M
                                 :
WILLIE THOMAS,                   :
                                 :
    Respondent.                  :

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that this habeas petition be dismissed as time barred and that judgment be entered in favor of Respondent Willie Thomas and against Petitioner Lloyd Burnell Phelps pursuant to 28 U.S.C. § 2244(d). It is further recommended that, should Petitioner file a certificate of appealability, it be denied as he is not entitled to appeal *in forma pauperis*.

Petitioner was convicted of second degree murder in the Baldwin County Circuit Court on November 15, 1979 for which he

received a sentence of ninety-nine years and one day in the state penitentiary (see Doc. 10, Exhibit 1).  On appeal, the Alabama Court of Criminal Appeals affirmed the conviction (Doc. 10, Exhibit 1).  The certificate of final judgment was entered on March 22, 1982 (Doc. 10, Exhibit 2).

Petitioner filed a Rule 32 petition on February 25, 1998 (see Doc. 10, p. 3; cf. Doc. 1, p. 4).  Following the denial of the petition by the lower court, the Alabama Court of Criminal Appeals affirmed the denial (see Doc. 10, p. 3).  Phelps filed a second Rule 32 petition which was denied; the certificate of judgment was entered by the Alabama Court of Criminal Appeals on September 20, 1977 (see Doc. 10, p. 3; Doc. 10, Exhibit 5).

Petitioner filed a complaint with this Court on January 17, 2012 raising the following claims:  (1) The indictment was incomplete and defective; (2) the prosecuting attorney engaged in misconduct; (3) his attorney rendered ineffective assistance; (4) he was subjected to prejudicial pretrial publicity; (5) his confession was involuntary and made without knowledge; (6) he was sentenced for an offense for which he was not charged; (7) the trial court was without jurisdiction to try and sentence him (Docs. 1, 6, 7, 9).

Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year

statute of limitations period (Doc. 10, pp. 4-6). Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2244. The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).

The AEDPA became effective on April 24, 1996. *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). The Eleventh Circuit Court of Appeals held that the one-year limitations period would begin to run on that date, April 24, 1996, for potential habeas petitioners whose convictions had already become final by way of direct review. *Goodman*, 151 F.3d at 1337; *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998). In other words, the Eleventh Circuit Court of Appeals established a "grace period" through April 23, 1997 so that federal and state criminal defendants would not lose the opportunity to seek federal habeas review.

3

Petitioner's conviction became final on March 22, 1982, the day on which the certificate of judgment was entered. As such, Phelps's conviction became final prior to the effective date of the AEDPA.

Petitioner's habeas corpus petition was not filed in this Court until January 17, 2012, nearly fifteen years after the grace period had expired. Phelps had filed a Rule 32 petition in state court on February 25, 1998, ten months after the grace period had expired. The Eleventh Circuit Court of Appeals has held that "[a] state court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). Petitioner's Rule 32 petition was filed too late to toll the statute. Clearly, Phelps's habeas corpus petition was filed well beyond the one-year grace period and filed in violation of 28 U.S.C. § 2244(d).

The Court notes, however, that Phelps has claimed that he is actually innocent of the crime for which he was convicted. The U.S. Supreme Court, in *Schlup v. Delo*, 513 U.S. 298, 324 (1995), has stated that, in raising an actual innocence defense to a procedural bar, a petitioner must "support his allegations of constitutional error with new reliable evidence--whether it

4

be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." The evidence presented "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. In other words, Petitioner must persuade this Court, "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329. A court can consider constitutional infirmities only after this threshold has been met.

In this action, the Court notes that Phelps offers only assertions of his innocence. There is no offer of new evidence. The Court finds that Petitioner has made no showing of actual innocence and has not overcome the statute of limitations problem presented. The Court finds that Phelps has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996: this action is time-barred.

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Willie Thomas and

against Petitioner Lloyd Burnell Phelps pursuant to 28 U.S.C. § 2244(d).

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the Undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied.  28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As Phelps filed this action nearly fifteen years too late, a reasonable jurist could not conclude either that this

Court is in error in dismissing the instant petition or that Phelps should be allowed to proceed further.  *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied.  It is further recommended that, should Petitioner file a certificate of appealability, it be denied as he is not entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1,

1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de</u> <u>novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 10th day of April, 2012.

                                          <u>s/BERT W. MILLING, JR.</u>
                                          UNITED STATES MAGISTRATE JUDGE